IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathan Orlando Cureton, | C/A No. 9:22-cv-4267-JFA-MHC |
| Plaintiff, | |
| v. | **ORDER** |
| Dustin Cole, G.C.D.C., Jail Administrator Bodiford, | |
| Defendants. | |

## I.    INTRODUCTION

Nathan Orlando Cureton ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action issued an order informing Plaintiff that the complaint contained several deficiencies as drafted and that Plaintiff was required to provide necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (ECF No. 6). This proper form order provided Plaintiff with time to supply the necessary information and file an amended complaint to correct those

1

deficiencies. Plaintiff was warned that failure to correct the deficiencies in his complaint and provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to dismissal. Despite filing various correspondence with the court, Plaintiff failed to file a second amended complaint or provide the documents necessary to bring his case into proper form.

After Plaintiff failed to respond, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 14). Within the Report, the Magistrate Judge opines the Complaint is subject to dismissal for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on April 13, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by April 27, 2023. *Id.* Thereafter, Plaintiff made several filings, including a motion to dismiss (ECF No. 18) and motion for preliminary injunction (ECF No. 17).[1] Plaintiff further filed "objections" to the report which are dated April 23, 2023. (ECF No. 19). Thus, this matter is ripe for review.

---

[1] Although these motions contain the case number affiliated with this action, they do not have any apparent connection with this suit, nor are they responsive to the Proper Form Order or Report in any way.

2

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 14). In apparent response to the Report, Plaintiff submitted a filing entitled "Objection to R&R" in which he reiterates his qualms originally refenced in his initial complaint. (ECF No. 19). For instance, Plaintiff states that, "[a]s I wrote in my complaint, upon admission to the Greenville County Detention Center, I was punched in the eye and handcuffed to tight both my wrists bled . . . ." (ECF No. 19, p. 1). Plaintiff also states that he did not receive the Court's proper form order until February 22, 2023.

Despite this, Plaintiff failed to address the Report in any way. Plaintiff did not attempt to correct the pleading deficiencies. He further failed to provide the information and paperwork necessary to bring the case into proper form for evaluation and possible

4

service of process. He additionally failed to address the Report's recommendation that this matter be dismissed pursuant to Rule 41 for failure to follow a court order.

Although Plaintiff avers that he did not receive the proper form order until February 22, 2023, he has failed to show why he could not provide the necessary information and paperwork prior to the issuance of the Report (dated April 13, 2023), or prior to this Order. Plaintiff's numerous filings with this court belie his assertion that he cannot obtain adequate supplies to respond "such as a pen to write with." (ECF No. 19).

Thus, Plaintiff has failed to provide proper objections to the Report or otherwise show why this action should not be dismissed pursuant to Rule 41 for his continued failure to comply with a court order.

Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Petitioner feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Petitioner has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

Even if this court were to construe Plaintiff's filing as specific objections, he has still failed to follow the court's directives as laid out in the Proper Form Order. Thus, this matter is subject to dismissal pursuant to Rule 41.

## IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 14). For the reasons discussed above and in the Report, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

May 18, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge